UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MUSAEV AMANGELDI,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORE CIVIC DETENTION FACILITY, et al.,

Respondents.

No. 2:26-cv-01209-DAD-CKD

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On March 31, 2026, petitioner Musaev Amangeldi, A-File No. 221-346-926, proceeding *pro se*, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order seeking his immediate release from respondents' custody. (Doc. Nos. 1, 2.) That same day, the court issued an order directing respondents to file a written opposition to that motion and to indicate whether the circumstances of this case were distinguishable from those addressed in the court's prior order in *Portillo Rodriguez v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-00694-DAD-CKD, 2026 WL 770527 (E.D. Cal. Mar. 18, 2026), and other similar cases previously decided by this court. (Doc. No. 5.) Petitioner argues in his habeas petition that his continued detention is unlawful because there is no significant likelihood of his removal since he has been granted withholding of removal. (Doc. No. 1 at 4.)

1

In his verified *habeas* petition, petitioner asserts that he was detained by immigration authorities while entering the United States with his pregnant wife on December 8, 2024. (Doc. No. 1 at 3.) Petitioner's wife gave birth on January 18, 2025. (*Id.*) On October 16, 2025, petitioner was granted withholding of removal by an immigration judge. (*Id.*) The immigration judge's decision was not appealed.[1] (*Id.*) Petitioner has never been afforded a bond hearing nor an individualized determination that he is a danger or a flight risk. (*Id.*)

On April 2, 2026, respondents filed their opposition to the pending motion. (Doc. No. 6.) Therein, respondents state that they do not oppose converting the motion for temporary restraining to a motion for preliminary injunction and they do not oppose the court ruling on the merits of the habeas petition based upon the briefing presently before it. (*Id.* at 2.) Respondents also do not request a hearing. (*Id.*) Respondents argue that this case is distinguishable from *Portillo Rodriguez* because the petitioner in *Portillo Rodriguez* had a pending application for withholding of removal whereas here, petitioner has been granted withholding of removal to Kyrgyzstan, and respondents are seeking to remove petitioner to a third country. (*Id.* at 5.) Respondents assert that, although they have been unable to identify a third country which they could remove petitioner to, petitioner is within the presumptively reasonable six-month period, and his detention is lawful pursuant to 8 U.S.C. § 1231(a)(6). (*Id.*)

"A noncitizen may only be held in confinement until 'it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Vlasov v. Bondi*, No. 25-cv-01342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001)). "A six-month period of detention is presumptively reasonable." *Vlasov*, 2025 WL 2258582, at *2 (granting release when the six-month presumptively reasonable period passed while the habeas petition was pending). The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*. *See Clark v. Martinez*, 543 U.S. 371, 384 (2005)

---

[1] Respondents agree that an immigration judge ordered petitioner's removal to Kyrgyzstan but also granted withholding of removal on October 16, 2025, and that decision became final as of that date because neither party pursued an appeal. (Doc. No. 6 at 3.)

2

("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."). "The six-month presumption of reasonability under *Zadvydas* is 'just that—a presumption.'" *Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (quoting *Clark*, 543 U.S. at 387 (O'Connor, J., concurring)).

Here, petitioner's removal order became final on October 16, 2025. Petitioner filed his *habeas* petition on March 31, 2026, at which time he had been detained for five months and fifteen days. (Doc. No. 1.) Petitioner may not be removed to his home country of Kyrgyzstan and respondents have not identified a third country to remove him to, despite the presumptively reasonable detention period having almost run when petitioner filed his pending petition. Under these circumstances, the court cannot find that petitioner's removal is reasonably foreseeable and indeed the opposite is true. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Thus, at this juncture, the government is not entitled to remove [the petitioner] to Sri Lanka, and no other country has been identified to which [the petitioner] might be removed. Therefore, examining the circumstances objectively, one cannot say that his removal is reasonably foreseeable."); *Hernandez v. Bondi*, No. 1:25-cv-02020-EPG, 2026 WL 350829, at *4 (E.D. Cal. Feb. 9, 2026) (holding the petitioner's continued detention was unreasonable because she was granted withholding of removal to her home country of Mexico and the government had not identified any other country to remove her to even though her post-removal order detention had lasted less than six months); *cf. Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (ordering petitioner's release and holding there was no significant likelihood of petitioner's removal in the reasonably foreseeable future given petitioner's decades of unsuccessful attempts to obtain travel documents despite the petitioner having been detained less than six months).

Based on the foregoing, the court finds that petitioner's continued detention is unreasonable and no longer authorized by statute. *Zadvydas*, 533 U.S. at 699–700 ("[I]f removal

3

is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."). The court incorporates its reasoning set forth in *Yang v. Warden, California City Corr. Ctr.*, No. 2:26-cv-00832-DAD-DMC, 2026 WL 765027 (E.D. Cal. Mar. 18, 2026) and finds that the immediate release of petitioner is the appropriate remedy.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Musaev Amangeldi, A-File No. 221-346-926 from respondents' custody subject to reasonable terms of supervision pursuant to § 1231(a)(3);

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **April 15, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE